ROGER L. GRANDGENETT II, ESQ., Bar # 6323
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Telephone: 702.862.8800
Fax No.: 702.862.8811
Email: rgrandgenett@litler.com

KARYN M. TAYLOR, ESQ., Bar # 6142
NV ENERGY
6100 Neil Road
Reno, NV 89511
Telephone: 775-834-5781
Fax: 775-834-3357
Email: ktaylor@nvenergy.com

Attorneys for Defendant
NV ENERGY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LETITIA WAHLBERG, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>NV ENERGY, a public utility,<br><br>Defendant. | Case No. 2:19-cv-01494-GMN-BNW<br><br>**STIPULATION AND PROPOSED ORDER TO STAY DISCOVERY** |

    Defendant NV Energy, Inc. ("Defendant") and Plaintiff Letitia Wahlberg ("Plaintiff"), by and through their respective counsel, do hereby stipulate to and request that the Court grant a stay in discovery until the Court has ruled on Defendant's Motion to Dismiss [ECF No. 7].

    The parties request a temporary stay with any duplicative and/or over-expansive discovery that may result if discovery is to continue at this point prior to clarification on the pleadings. Specifically, the parties require a ruling on Defendant's Motion to Dismiss [ECF No. 7] to know what claims may exist at this stage of the litigation and in order to evaluate what additional discovery, if any, is

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

necessary. For example, the parties cannot meaningful depose any witnesses without knowing what claims are and/or are not part of this lawsuit.

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, the court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action." With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *see also Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

Further, in assessing a request to stay discovery, the court takes a "preliminary peek" at the merits of the dispositive motion. *Tradebay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.* Common examples of situations in which good cause has been found to stay discovery are when jurisdiction, venue or immunity are preliminary issues. *Id.* Ultimately, the party seeking the stay "carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Defendant's Motion to Dismiss warrants a stay in discovery. First, the Motion is potentially dispositive of the entire case as it requests dismissal with prejudice of all of Plaintiff's claims. Defendant argues that Plaintiff's sex and age discrimination claims, and her constructive discharge and retaliation claims are not plausibly alleged and should be dismissed. Defendant also argues that

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Plaintiff should not be allowed to amend her Complaint or claims. Except for her national origin discrimination claim, which she agrees should be dismissed with prejudice, Plaintiff disputes the legal arguments made in Defendant's Motion and has filed an Opposition. However, the parties agree that Defendant's Motion is the type warranting a stay of discovery.

Second, neither party will suffer hardship or inequity as a result of stay because further discovery is unjustified at this point. Since Defendant has moved to dismiss the entire case, Plaintiff has not been apprised of which factual allegations Defendant intends to admit and which factual allegations Defendant intends to deny. Nor has Plaintiff been apprised of the defenses that Defendant intends to assert. Plaintiff believes this would severely limit her opportunity to conduct full discovery while the motion is pending. The parties agree that discovery is not necessary prior to the Court's resolution of the legal issues raised by the Motion to Dismiss. Accordingly, requiring the parties to conduct discovery on claims that may not be properly before the Court would result in an unnecessary expenditure of resources and is particularly prejudicial to Defendant.

Third, similar to the situation in *Little*, this is a case where a temporary stay of discovery will further the goals of judicial economy, control of the Court's docket, and an inexpensive determination of the case. 863 F.2d 681. Ordering the parties to proceed with discovery could potentially clog the Court's docket with discovery disputes on claims that may be dismissed.

The requested stay is only to extend the discovery and remaining case deadlines and not to any briefing or hearings currently on file or scheduled with the Court, including, but not limited to, Defendant's Motion to Dismiss [ECF No. 7] and the Early Neutral Evaluation session scheduled for December 16, 2019 [ECF No. 11]. The parties maintain their arguments with respect to the motion to dismiss. Accordingly, the parties have made the strong showing necessary to support their joint request to stay discovery. For the reasons articulated above, the Court should stay discovery until an Order has been issued on Defendant's Motion to Dismiss. If Plaintiff's claims survive, then the parties

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

will submit its Discovery Plan and Scheduling Order at such future date to be ordered by the Court.

DATED: November 19, 2019   */s/ Roger L. Grandgenett, Esq.*
KARYN N. TAYLOR, ESQ.
ROGER L. GRANDGENETT, II, ESQ.
Attorneys for Defendant, NV ENERGY

DATED: November 19, 2019   */s/ Jenny L. Foley, Esq.*
JENNY L. FOLEY, ESQ.
MARTA D. KURSHUMOVA, ESQ.
Attorneys for Plaintiff, LETITIA WAHLBERG

**ORDER**

IT IS SO ORDERED this 2nd day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

4